UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| BRIAN EDWARD DESKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:14-CV-233-TAV-HBG |
| | ) | |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the rules of this Court for a report and recommendation regarding disposition of Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [Doc. 26]. Plaintiff's counsel moves the Court to award $27,816.00 in attorney's fees for work performed on behalf of the Plaintiff for Title II Social Security benefits. [Id.].

I. **BACKGROUND**

The Plaintiff filed a Motion for Summary Judgment and Memorandum in Support [Docs. 13 & 14] on October 19, 2014. The parties subsequently filed a Joint Motion for Entry of Judgment with Remand Under Sentence Four of 42 U.S.C. § 405(g) [Doc. 18] on December 16, 2014. In the joint motion, the Commissioner moved the Court to reverse the Commissioner's decision, and the parties agreed that the case should be remanded for a new administrative law

1

judge to: 1) further develop the record and issue a new decision, with consideration of evidence from the current record; 2) provide a mental impairment evaluation of Plaintiff's affective disorder at step two of the sequential evaluation process, including a "B Criteria" assessment under Listing Section 12.00; 3) reassess and further evaluate Plaintiff's credibility; 4) further evaluate Plaintiff's physical and mental residual functional capacity; and 5) obtain evidence from a vocational expert to clarify the effects of the assessed limitations on the potential occupational base.  On January 8, 2015, the District Court granted [Docs. 19 & 20] the parties' joint motion and remanded the case to the Commissioner for further proceedings.

On February 5, 2015, the Plaintiff filed an Application for Attorney Fees Under the Equal Justice Act ("EAJA") [Doc. 21] requesting $4,6173.00 in attorney's fees for 25.65 attorney work performed hours, $400.00 in costs, and $19.08 in expenses.  By Report and Recommendation [Doc. 23] filed on February 19, 2015, the Court found that the Plaintiff was entitled to an award of EAJA fees and that the requested amount was reasonable.  The District Court adopted the recommendation and on March 12, 2015, ordered [Doc. 24] an award of attorney's fees in the amount requested.

The instant motion now before the Court was filed on June 9, 2016, and seeks an additional award of attorney's fees pursuant to 42 U.S.C. § 406(b).

II.     **POSITIONS OF THE PARTIES**

Plaintiff's counsel requests approval to charge attorney's fees pursuant to 42 U.S.C. § 406(b) based on his contingency fee agreement with the Plaintiff.  [Doc. 26].  Counsel asserts that the Plaintiff was awarded $111,264.00 for past-due Social Security benefits and that the

Plaintiff contracted with counsel to pay twenty-five percent of past-due benefits which equals $27,816.00 in attorney's fees. [Id. at 2, 5-6]. Counsel argues that this amount is reasonable and should be upheld pursuant to Gisbrecht v. Barhhart, 535 U.S. 789 (2002). [Id. at 5-9].

The Commissioner does not object to the fee request, but responds that the Court nonetheless must independently determine whether the requested amount is reasonable. [Doc. 27 at 2].

### III. ANALYSIS

Section 406(b) permits courts to award "a reasonable [attorneys'] fee . . . not in excess of 25 percent," payable "out of . . . [the claimant's] past-due benefits" when a claimant secures a favorable judgment. 42 U.S.C. § 406(b)(1)(A). Accordingly, three conditions must be met before 406(b) fees will be awarded:

    1. The Court must have rendered a judgment favorable to the Plaintiff;

    2. The Plaintiff must have been represented by counsel; and

    3. The Court must find that the fee is reasonable and not in excess of twenty-five (25) percent of the total past-due benefits to which Plaintiff is entitled.

See id. The Court will address each condition in turn.

#### A. Favorable Judgment

In this case, the Plaintiff "obtained a 'sentence four' remand [Doc. 24], which, for purposes of section 406(b), may be considered a 'favorable judgment.'" Justus v. Colvin, No. 3:11-CV-148-PLR-CCS, 2014 WL 3051384, at *2 (E.D. Tenn. July 3, 2014) (internal citations omitted) (quoting Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273, 1277 (11th Cir. 2006)).

3

Thus, the Court finds that the first condition for granting attorney's fees under section 406(b) has been met.

**B.     Representation by Counsel**

In support of the motion for attorney's fees, Plaintiff's counsel attached a signed agreement between counsel and the Plaintiff which provides for a contingent fee in the amount of twenty-five percent of the past-due benefits received by the Plaintiff as payment for counsel's representation. [Doc. 26 at 20].

Accordingly, the Court finds that the Plaintiff was represented by counsel for this claim.

**C.     Reasonableness of Fee Amount**

Counsel for Plaintiff submits that a fee request of twenty-five percent of the past-due benefits awarded to the Plaintiff is reasonable because the twenty-five percent cap has been upheld by case law, is consistent with the agreement between counsel and the Plaintiff, represents the result achieved in this case, and counsel was effective and efficient in his representation. [Doc. 26 at 5-9].

As pointed out by the Commissioner, even with an unopposed motion for attorney's fees under section 406(b), courts must still independently determine whether the requested fee is reasonable. Gisbrecht, 535 U.S. at 807. The Court of Appeals for the Sixth Circuit has held that "if the agreement states that the attorney will be paid twenty-five percent of the benefits awarded, it should be given the weight ordinarily accorded a rebuttable presumption." Rodriquez v. Bowen, 865 F.2d 739, 746 (6th Cir. 1989). The presumption may be overcome by a showing that "1) the attorney engaged in improper conduct or was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." Hayes v. Sec'y of Health & Human Servs., 923 F.2d 418,

4

419 (6th Cir. 1990) (citing Rodriquez, 865 F.2d at 746). If neither circumstance applies, "an agreement for a [twenty-five percent] fee . . . is presumed reasonable." Id. at 421.

Here, the Commissioner has not alleged, and the Court is not aware of, any improper conduct, delay, or ineffective representation on the part of Plaintiff's counsel. Although Plaintiff's counsel sought one 30-day extension of time, the extension was for the purpose of conducting negotiations with the Commissioner. [Doc. 11]. While the parties were unable to initially reach an agreement, the parties subsequently filed a joint motion for a sentence four remand following the Plaintiff's motion for summary judgment. Thus, counsel was effective in his representation as he was able to achieve a favorable result.

Turning to whether the requested fee amount would constitute an underserved windfall, the Sixth Circuit Court of Appeals "provides a floor" for determining the reasonableness of requested 406(b) fees. Hayes, 923 F.2d at 422. Where the amount requested divided by the numbers of hours expended is less than twice the standard rate for such work in the relevant market, the requested fee is *per se* reasonable. Id. The Sixth Circuit continued,

> If the calculated hourly rate is above this floor, then the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fee. Such arguments may include, without limitation, a consideration of what proportion of the hours worked constituted attorney time as opposed to clerical or paralegal time and the degree of difficulty of the case. Factors such as these should inform the district court's determination of whether the attorney would "enjoy a windfall because of . . . minimal effort expended."

Id. (quoting Rodriquez, 865 F.2d at 746. )

In this case, Plaintiff's counsel requests a fee award in the amount of $27,816.00 – twenty-five percent of $111,264.00 in past-due benefits – for 25.26 attorney hours which results in an effective hourly rate of $1084.44. Counsel argues that the requested fee amount is

5

reasonable because in a typical contingent fee case, attorneys' fees are generally one-third of a claimant's recovery and includes the past and future value of the case. By contrast, a 406(b) fee has a twenty-five percent cap, is solely based on past-due benefits, and the value of health care benefits attendant to Title II benefits is not included. [Doc. 26 at 7-8]. Therefore, counsel asserts that the value of this case is much greater than the fee amount requested. [Id.]. Additionally, counsel has submitted an itemized bill outlining a total of 25.65 hours spent litigating this case and highlights the time spent on a 24-page memorandum in support of the Plaintiff's motion for summary judgment, which raised three issues that were extensively briefed. [Id. at 7-8, 23-24, 27-28]. Finally, counsel highlights his specialty as a Board Certified Social Security Specialist by the National Board of Trial Advocacy in which only 10 attorneys in the state of Tennessee have received such certification and only two of which practice within the Eastern District. [Id. at 8, 27]. Moreover, counsel explains that he was a former Social Security agent with seven years of experience where he processed thousands of disability claims. [Id.]

The Court considers the factors set forth in Hayes, the arguments set forth by the Plaintiff, the lack of opposition from the Commissioner, and the nature and complexity of the case and issues argued, and finds the contingency fee award in the amount of $27,816.00 is reasonable. Moreover, the Court is mindful of the nature of contingency contracts and the risk absorbed by attorneys in these matters. See Royzer v. Sec'y of Health & Human Servs., 900 F.2d 981, 982 (6th Cir. 1990) (In considering contingency agreements, "we cannot ignore the fact that the attorney will not prevail every time . . . Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.").

Although a fee request that translates into a hypothetical hourly rate of $1084.44 may appear high, the Court finds that it does not constitute a windfall in this case. While counsel's

6

itemized timesheet reflects an hourly rate of $180.00 [Doc. 26 at 24], his affidavit in connection with his application for EAJA fees provides that he normally charges $300.00 an hour in non-contingent matters and substantially more in complex appellate work. [Doc. 21-1 at 2]. Accordingly, the Court finds that counsel values his time, on average, at $300.00 per hour. Therefore, doubling counsel's standard rate of $300.00 as a starting point, the effective hourly rate in this case of $1084.44, while above the floor provided by the Sixth Circuit, is nonetheless reasonable considering arguments designed to rebut the presumed reasonableness of the contingency fee, the time spent litigating this case, the novelty of the issues presented, the results achieved, counsel's specialty, the risk of loss in accepting this particular case, and the lack of opposition by the Commissioner.

The Court also observes that other courts have upheld similarly large hypothetical hourly rates. See Weems v. Comm'r, Soc. Sec. Admin., No. CIV. SAG-12-2993, 2015 WL 3464130, at *1 (D. Md. May 29, 2015) (approving a twenty-five percent contingent fee in an effective hourly rate of $944.22); Whitehead v. Barnhart, No. 1:04-1236-T, 2006 WL 681168, at *2-6 (W.D. Tenn. Mar. 14, 2006) (approving a twenty-five percent contingent fee in an effective hourly rate of $982.00). The effective hourly rate, which is only one relevant factor in determining the reasonableness of the contingency fee, taken together with the other factors considered above, the relevant case law cited, and review of the record as a whole, the Court finds the requested contingency fee is reasonable. See Whitehead, No. 1:04-1236-T, 2006 WL 681168, at *5 (observing that counsel's fee request resulting in an hourly effective rate of $982.00 "will not produce a windfall unless the court focuses the windfall inquiry exclusively on the high hourly rate" and holding that "[s]uch a narrow focus is precluded by Gisbrecht, the law of the Sixth Circuit, and this court").

7

Accordingly, the Court finds the instant motion is well-taken. The Court notes that when attorney's fees are awarded for the same work under both the EAJA and section 406(b), the attorney is required to refund the smaller of the two fees to the claimant. Jankovich v. Bowen, 868 F.2d 867, 871 n.1 (6th Cir. 1989). In this case, as previously mentioned, the Plaintiff has already obtained an EAJA award in the amount of $4,617.00 for attorney's fees, which would be the smaller of the two fee awards. [See Doc. 29].

IV. **CONCLUSION**

Based upon the foregoing, it is hereby **RECOMMENDED**[1] that the Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [**Doc. 25**] be **GRANTED** and upon receipt of $27,816.00 in attorney's fees, Plaintiff's counsel shall remit to the Plaintiff the $4,617.00 in attorney's fees previously received from the Commissioner pursuant to the EAJA and the District Court's Memorandum and Order [Doc. 24].

Respectfully submitted,

Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).